IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-688-7 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSH MEDINA | : | |

**NORMA L. SHAPIRO, S.J.**                                                                 **JUNE 30, 2008**

### MEMORANDUM AND ORDER

On July 19, 2007, a jury convicted Josh Medina ("Medina") of: (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; (2) Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. § 1951 and § 1952; and (3) carrying and using a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924 (c). On July 30, 2007, Medina filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. Medina submitted an amended, sealed motion on November 8, 2007. Medina asserted two grounds for a new trial in his motions: (1) the trial was tainted by a *Brady* violation; and (2) Medina was convicted of participation in a single, overarching conspiracy to commit six robberies but the evidence showed multiple conspiracies, of which only one involved him. After oral argument on his motion for a new trial, Medina submitted a supplemental motion in which he withdrew the single-versus-multiple conspiracy ground for his motion[1] and requested an evidentiary hearing and production of the FBI's rough notes for review. The court ordered that

---

[1] Medina conceded that he raised this claim too late. In a Rule 33 motion, neither the defense nor the court, *sua sponte*, may raise new issues after the expiration of the seven-day limit established by the Federal Rules of Criminal Procedure. *United States v. Newman,* 456 F.2d 669, 670 (3d Cir. 1972).

the notes be produced for *in camera* examination.  Medina was subsequently sent for a four-month psychological and psychiatric evaluation, during which time his motion remained pending.  The court finds that even assuming there was improper non-disclosure, there was no *Brady* violation.  Medina's motion will be denied.

**I.      Discussion**

There was no physical evidence against Medina at trial.  He was convicted on the testimony of four cooperating witnesses, each of whom had participated to some degree in the conspiracy to commit six robberies with which Medina was charged.  Medina contends the government did not provide impeachment information containing denials by two of the witnesses that they participated in two of the robberies undertaken by various defendants.[2]  These denials contradicted the grand jury testimony, FBI 302s, and testimony at trial of another cooperating witness for the government.  Medina argues that had he known of these inconsistencies prior to trial, he could have taken advantage of the conflicts to call the witnesses' testimony into question.  The government initially represented that it had provided denials to defense counsel; it later conceded that the FBI 302 reports it gave to defense counsel did not include denials.

When a person is charged with a criminal offense, the government is obligated to disclose exculpatory and witness-impeachment evidence to the defense before trial.  *See Brady v. Maryland*, 373 U.S. 83 (1983).  Under *Brady*, once a defendant has shown that the government has failed to turn over impeachment materials, the defendant must demonstrate that absent the

---

[2] Six defendants were charged with the robberies at issue; all but Medina pled guilty to some or all the robberies alleged as part of the single conspiracy.  The evidence at trial against Medina was confined to one, the robbery of K Laundromat in which Medina's car and gun were used with his knowledge.

non-disclosure, there is a reasonable probability that the result of the trial would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). The court must examine whether in the material's absence there was a fair trial resulting in a verdict worthy of confidence. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Id*.

It is undisputed that the government failed to provide Medina's counsel with the denials. However, Medina's argument that he was prejudiced as a result is without merit. The witnesses' conflicting accounts of the conspiracy were elicited at trial and Medina's counsel cross-examined each cooperating witness in great detail. Trial counsel emphasized the conflicts in their testimony and vigorously attacked the credibility of each witness during his closing. Medina's counsel relied in large part on the witnesses' conflicting testimony with regard to the other robberies to suggest that at least one of the witnesses could not be telling the truth. Had the government properly disclosed the denials prior to trial, it is highly improbable that counsel could have called the witnesses' credibility into greater question. The non-disclosure of the denials does not undermine confidence in the outcome of the trial; there was no *Brady* violation. The motion for a new trial will be denied.

The court's concern in this matter is not with the meritless allegation of a *Brady* violation but with the complete lack of evidence of Medina's participation in the single conspiracy alleged by the government and planned by defendant Vargas with regard to six robberies. There was no evidence at trial of Medina's participation in any conspiracy other than that to rob the K Laundromat. Defense counsel's failure to raise this matter before the expiration of the seven-day

limit of Federal Rule of Criminal Procedure 33 prevents the court from granting an acquittal on that count, but the parties should be prepared to discuss how the court might address this lack of proof at sentencing.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-688-7 |
| v. | : | |
| JOSH MEDINA | : | |

### ORDER

AND NOW, this 30th day of June, 2008, after consideration of defendant's motion and amended motion for a new trial and oral argument thereon at which counsel for both parties were heard, it is **ORDERED** that defendant's Motion for a New Trial (paper no. 268) and defendant's Amended Motion for a New Trial (paper no. 311) are **DENIED**.

/s/ Norma L. Shapiro
S.J.